IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00014-BNB

DICKIE JOHNSON,

    Plaintiff,

v.

WELD COUNTY SHERIFF, and
WELD COUNTY COMMISSIONERS,

    Defendants.

---

ORDER OF DISMISSAL

---

    Plaintiff, Dickie Johnson, currently is incarcerated at the Weld County Jail in Greeley, Colorado. He attempted to initiate the instant action by submitting *pro se* motions titled "Motion to Seek Relief" (ECF No. 1) and "Motion to Proceed Forma Pauperis" (ECF No. 3). The Court reviewed the motions and determined they were deficient. Therefore, on January 4, 2013, Magistrate Judge Boyd N. Boland entered an order (ECF No. 4) directing Mr. Johnson to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims.

    The January 4 order pointed out that Mr. Johnson failed to submit either the $350.00 filing fee or a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the proper, Court-approved form together with a certified copy of his trust fund account statement for the six-month period immediately preceding this filing obtained from the appropriate prison official. The January 4 order also pointed out that Mr. Johnson failed to submit a Prisoner Complaint. The order directed him to

obtain, with the assistance of his case manager or the facility's legal assistant, the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint. The January 4 order warned Mr. Johnson that, if he failed to cure the designated deficiencies within thirty days, the action would be dismissed without prejudice and without further notice.

Mr. Johnson failed to cure the designated deficiencies within the time allowed or otherwise communicate with the Court in any way. Therefore, the action will be dismissed without prejudice for Mr. Johnson's failure to cure the designated deficiencies as directed within the time allowed, and for his failure to prosecute.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Johnson files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Dickie Johnson, within the time allowed, to cure all the deficiencies designated in the order to cure of January 4, 2013, and for his failure to prosecute. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  11th  day of     February     , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court